# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Criminal Action No.: 6:08-cr-00797-1-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Yueseyuan Cruel, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on what has been construed as Defendant's *pro se* Second Motion for Reconsideration of his Sentence ("Motion") [Dkt. No. 196].[1] The review of this matter also considers the Government's Response to Docket Entry 196 ("Response") [Dkt. No. 202]. For the reasons set forth herein, the court **DENIES** Defendant's Motion.

## FACTUAL AND PROCEDURAL HISTORY

On May 20, 2009, Defendant pled guilty to manufacturing counterfeit credit cards in violation of 18 U.S.C. § 1029(a)(1) and was sentenced to a term of thirty (30) months followed by a period of supervised release of three (3) years. *See* Amended Judgment [Dkt. No. 142]. On June 13, 2012, Defendant was arrested on state charges while on supervised release. On August 13, 2012, Defendant appeared before this court and admitted to a Class B violation for new criminal conduct and five Class C violations of the terms of his supervised release including failing to report arrest, failing to submit monthly reports, failing to pay court ordered restitution, failing to maintain gainful employment, and failing to pay child support. Consequently, the

---

[1] Defendant captioned his *pro se* motion as "Writ of Mandamus- in judicio Title 18 USC § 3582 & 28 USC § 1361." This court construes *pro se* motions liberally, and such pro se motions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Therefore, the court construes Defendant's motion as a Motion for Reconsideration of his Sentence.

1

court revoked Defendant's supervised release based on the violations and committed him to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty-one (21) months, followed by fifteen (15) months of supervised release. *See* Judgment for Revocation [Dkt. No. 160].

Defendant then filed Motions for Reconsideration of his Sentence based on a possible double jeopardy issue if he was later convicted of the state court charges [Dkt. No. 161 and 167]. Defendant was concerned that if he served his twenty-one month sentence, was released on supervised release, and then was convicted of the state charges, that he would be found in violation of his supervised release for the second time on the same underlying state charges. In its corresponding order, the court found that the motion was premature because the request was based on speculation of possible future events that may not occur and therefore denied the motion [Dkt. No. 170].

In the instant Motion, Defendant moves for reconsideration again because his state charges have been dropped and therefore the matter is now ripe. Defendant seeks a modification in his sentence so it is based solely on the Class C violations because he claims he is actually innocent of the state charges that led to the Class B violation.

The Government has multiple arguments in its Response in opposition to this Motion. First, the statute cited by Defendant in his motion, 18 U.S.C. § 3582(c), would not allow the court to modify the sentence, nor did Defendant argue any specific reasons that the statute may allow for modification. Government also states that Defendant's claim of actual innocence in his Motion is inconsistent with previous statements by Defendant. Finally, the state's motivations to not pursue the charges against Defendant have no bearing on this case.

**STANDARD OF REVIEW**

The court does not wield inherent power to reduce a sentence, but rather is bound by the specific parameters found in federal criminal statutes and the Federal Rules of Criminal Procedure. Imposing a sentence is generally considered to be a final judgment. 18 U.S.C. § 3582(b). However, there are limited circumstances where modification is appropriate. According to 18 U.S.C. § 3582(c), those circumstances include (1) upon a motion by the Director of the Bureau of Prisons, (2) if modification is expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or (3) if the term of imprisonment was based on a sentencing range that has since been lowered by the Sentencing Commission.

**DISCUSSION**

Although the state released Defendant's pending state charges while he was incarcerated for supervised release violations, this does not affect Defendant's initial supervised release violation. Defendant's Class B violation was based on his arrest; the subsequent actions by the state regarding these charges do not affect the fact that his initial arrest during supervised release was the cause of the violation. Defendant claims in his Motion that he was actually innocent of the charges; however no evidence of actual innocence was presented by either party or the state. The state's decision not to pursue the charges does not equate to a finding of actual innocence. Subsequent action by the state has no bearing on the arrest violation or on the other five violations that were considered in this sentence. Although Defendant cited § 3582(c) in his Motion, he did not demonstrate any reason how any of the provisions may apply to his case.

## CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's Second Motion for Reconsideration [Dkt. No. 196].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 28, 2013
Greenville, South Carolina