# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| United States of America, | ) | |
| --- | --- | --- |
| | ) | Criminal Action No.: 6:08-cr-00797-1-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Yueseyuan Cruel, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's *pro se* Motion for a Writ of Coram Nobis. (ECF No. 191.) For the reasons set forth herein, the court **DENIES** Defendant's Motion.

## FACTUAL AND PROCEDURAL HISTORY

On May 20, 2009, Defendant pled guilty to manufacturing counterfeit credit cards in violation of 18 U.S.C. § 1029(a)(1) and was sentenced to a term of thirty months followed by a period of supervised release of three years. (*See* ECF No. 142.) On June 13, 2012, Defendant was arrested on state charges while on supervised release. On August 13, 2012, Defendant appeared before this court and admitted to a Class B violation for new criminal conduct and five Class C violations of the terms of his supervised release including failing to report arrest, failing to submit monthly reports, failing to pay court ordered restitution, failing to maintain gainful employment, and failing to pay child support. Consequently, the court revoked Defendant's supervised release based on the violations and committed him to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty-one months, followed by fifteen months of supervised release. (*See* ECF No. 160.)

Defendant then filed Motions for Reconsideration of his Sentence based on a possible double jeopardy issue if he was later convicted of the state court charges. (ECF No. 161-167.) Defendant was concerned that if he served his twenty-one month sentence, was released on supervised release, and then was convicted of the state charges, he would be found in violation of his supervised release for the second time on the same underlying state charges. In its corresponding order, the court found that the motion was premature because the request was based on speculation of possible future events that may not occur and therefore denied the motion. (ECF No. 170.)

Defendant filed a Second Motion for Reconsideration of his Sentence because his state charges had been dropped and therefore his previous double jeopardy concern was ripe for review. (ECF No. 196.) Defendant sought a modification of his sentence so as to make it based on the Class C violations due to his claim that he was actually innocent of the state charges that led to the Class B violation. The court denied Defendant's motion finding that the Class B violation was based on Defendant's arrest and the subsequent charges by the state did not affect that fact. The court also found that the state's decision not to pursue the charges did not equate to a finding of actual innocence, and Defendant failed to present any evidence of actual innocence.

In the instant Motion, Defendant moves for a Writ of Coram Nobis alleging that the district court erred in asserting jurisdiction over him because 18 U.S.C §§ 513, 1029, and 3231 were faultily enacted. (ECF No. 191 at 4.)

**ANALYSIS**

The writ of coram nobis provides a means by which a petitioner may challenge his judgment of conviction. *See United States v. Sessoms,* 488 F. App'x 737, 738 & n.\* (4th Cir.

2012). It is utilized to correct errors "of the most fundamental character". *U.S. v. Morgan,* 346 U.S. 502, 512 (1953) (internal quotations omitted). The remedy is only available to "petitioners who are no longer in custody pursuant to their convictions." *Sessoms,* 488 F. App'x at 738. As Defendant is currently in custody, a writ of coram nobis is unavailable to him. Thus, the court denies Defendant's motion.

It is therefore, **ORDERED** that Petitioner's Motion for a Writ of Coram Nobis is **DENIED.**

**IT IS SO ORDERED.**

United States District Judge

Greenville, South Carolina
October 4, 2013